IN THE CIRCUIT COURT FOR LOWNDES COUNTY ALABAMA

ROY PHIFER,
    Plaintiff,

v.

BANK OF AMERICA, OCWEN
and HOMEOWNERS LOAN
CORPORATION,
    Defendants.

Case Number: CV 10-30

JURY DEMAND

## COMPLAINT

COMES NOW, Plaintiff, ROY PHIFER against the above-captioned defendants and would show unto the Court as follows:

1. Plaintiff, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant, BANK OF AMERICA (hereafter "Defendant" or "Trustee," Successor by merger to Lashalle Bank National Associaion, as Trustee for the Registered Holders of GSAMP Trust 2005-HE-6, Mortgage Passthrough Certificates, Series 2005-HE6") is and at all times mentioned herein, was a duly incorporated foreign corporation during business within the State of Alabama in the County of Lowndes.

3. Plaintiff is informed and believes, and thereon alleges, that the defendant, Homeowners Loan Corporation, (hereafter "Defendant" or "Mortgagor") is and at all times mentioned herein, was a duly incorporated foreign corporation during business within the State of Alabama in County of Lowndes.



4. Plaintiff is informed and believes, and thereon alleges, that the defendant, OCWEN, (hereafter "Defendant" or "SERVICER") is and at all times mentioned herein, was a duly incorporated foreign corporation during business within the State of Alabama in County of Lowndes.

## STATEMENT OF THE FACTS

5. The Plaintiff on or about April 4, 2005, executed a mortgage to Homeowners Loan Corporation; said mortgage was transferred and assigned to Defendant Trust.

6. Defendant, Trustee on or about August 7, 2008, and August 13, 2009 declared that a default was made in said payments of indebtedness secured by said mortgage and the said Trustee did declare all indebtedness secured by said mortgage due and payable and failed to give due and proper notice and eventually foreclosed on or about, August 28, 2008 for $71, 730.10 and September 3, 2009 for $80,856.96. Upon information and belief the subject mortgage, once securitized, became subject to a contract between the Trustee of the special purpose entity (or trust) and its successors and assigns. This contract is commonly referred to as a "Pooling and Servicing Agreement, (hereinafter "PSA").

7. Under the provisions of the PSA, the servicer is required to actively engage in "loss mitigation" under their agreement with the Trust to prevent the foreclosure of the property and to provided for income to the trust in the form of payments.

8. The actions and conduct of the Defendants in applying to the mortgage, illegal, unauthorized charges, creating a false default and attempting to foreclose on the property of the plaintiff are breaches of the mortgage or note and of the PSA of which the plaintiff are a beneficiary.

9. On or about August 2, 2008, the plaintiff in this action talked with the Defendant,

OCWEN and entered into an agreement with the same concerning terms about reinstating loan. The amount to be paid was $1,500.00 and was good until August 28, 2008. Payment was to be in form of a wire transfer to Defendant, OCWEN.

10. Plaintiff, on or about August 27, 2008 sent by wire transfer a payment in the amount of $1,500.00 to Defendant OCWEN in terms with their agreement. Defendant, OCWEN lead plaintiff into believing that he had entered into a modification agreement, which after he had paid said amount placed his loan payments above the agreed amount. While attempting to correct the increased principal balance and payment amount, Defendant, Trustee again initiated a foreclosure proceeding and did so again foreclose again on September 3, 2009.

11. Despite receiving the amount and curing any default on the loan, the Bank and its agents went forward with a foreclosure sale on the plaintiff's home.

12. The Plaintiff contends that said sale was wrongful, illegal, in violation of law and the documents governing the relationship between the defendants and the owners of the plaintiff's mortgage.

13. The Plaintiff contends that the foreclosing entity lacked standing to initiate a foreclosure and that the foreclosure is void or at least voidable and that no title has passed to defendant as there was no legal title to pass to it from the foreclosing entity.

14. The Plaintiff alleges that the actions of the foreclosing entity were wrongful and tortious.

15. The Plaintiff alleges that the actions of the owner of the Defendants mortgage were wrongful and tortious.

16. The Plaintiff alleges that the actions of the Defendants in attempting to eject them

from their home is a violation of law, wrongful and tortuous and that Defendants hold no title to their home or property, and that their actions constitute trespass, negligence, wantonness, abuse of process and slander of title.

## CLAIMS

(Neglignece)

17. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

18. The Defendants are negligently trying to eject plaintiff from he home he rightfully owns since the foreclosure performed by the Defendants were void.

19. As a direct result of the Defendants' negligence, the Plaintiff was injured and harmed.

20. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their negligence.

(Wantonness)

21. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

22. The Defendants with reckless indifference to the consequences, are consciously and intentionally trying to eject plaintiff from he home he rightfully owns since the foreclosure performed by the Defendants were void.

23. The Defendants with reckless indifference to the consequences, are consciously and intentionally instituted this action with the knowledge that the home of the Plaintiff does not belong to the Defendant.

24. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their breach of contract.

(Negligence)

25. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

26. The Defendants negligently placed upon the Plaintiff's mortgage account charges that were improper, illegal and not authorized by law or contract.

27. As a direct result of the defendants' negligence, the Plaintiff was injured and harmed including mental anguish, emotional damages and financial damages including loss of rental, credit, and the payment of fees which were improper, illegal or unauthorized.

28. As a result thereof, they are liable for damages.

(Wantonness)

29. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

30. The Defendants, with reckless indifference to the consequences, consciously and intentionally applied false, illegal, and unauthorized charges to the Plaintiff's account in an attempt to create a false delinquency or default.

31. The Defendants with reckless indifference to the consequences, consciously and intentionally failed to correct their software internally so that the Defendants could create a false delinquency or default for the purpose of generating fee income and for the purpose of foreclosing on Plaintiff's house.

32. These actions were taken with reckless indifference to the consequences, consciously and intentionally in effort to increase profits for Defendants.

33. As a result thereof, the Defendants are liable for damages.

(Wrongful Foreclosure)

34. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

35. The Defendants have initiated a foreclosure proceeding against the Plaintiff in violation of law.

36. The initiation of the foreclosure proceeding by Defendants were either negligent or wanton, depending on proof adduced at trial.

37. As a result, the Defendants are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

(Breach of Contract)

38. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

39. The Defendants provided the Plaintiff with terms by which to reinstate his mortgage.

40. The Defendants breached this contract by not curing Plaintiff's default as spelled out in the agreement.

41. As a result, the Defendants are liable for all natural, proximate and consequential damages of their breach of contract.

42. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendants.

43. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to their wantonness as well as punitive damages upon a proper evidentiary showing.

(Trespass)

44. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

45. On or about October 2009, the Defendants unlawfully entered upon the lands of the Plaintiff in Lowndes County, Alabama.

46. As a proximate result of said trespass the Plaintiff's real estate is up for sale in an attempt to deprive plaintiff of the peaceful enjoyment of his property.

47. Because of the willful and oppressive nature of the Defendants' action, the plaintiff claims punitive damages.

(Slander of Title)

48. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

49. The Defendant, in filing a foreclosure deed-which is void-has caused a cloud to be placed on the title of the property of the Plaintiff.

50. As, the proximate cause of the Defendant's said slandering of Plaintiff's title, the Plaintiff was caused to suffer injuries and demand damages.

(Fraud and Suppression)

51. The Plaintiff reallges all prior paragraphs of the pleading as if set out herein full.

52. The Defendant in presenting terms of agreement to reinstate loan made statements, promises and assurances which were fraudulent or otherwise false. The Defendants knew or should have known the statements were false.

53. At the aforesaid time and place, the Defendants, by and through its agents and brokers, failed to disclose to the Plaintiff all of the following material facts:

   A. That the terms of the reinstatement agreement would not be honored.

   B. That the Defendants would still foreclose on her home despite the reinstatement agreement and assurances that they would not foreclose.

   C. That the Defendants would not cure any default.

   D. That the Defendants were not acting in the Plaintiff best interest but was acting first with respect to their own interests.

54. As a proximate result of the fraud and suppression, the Plaintiff acted by accepting the reinstatement agreement to her own detriment and as a result, Plaintiff suffered injury

and damage, including emotional and financial injury as well as damage to her credit and reputation.

WHEREFORE, Plaintiff having set forth her claims for relief against Defendants, respectfully request of the Court as follows: actual damages, statutory damages, punitive damages, reasonable legal fees and expenses, damages for breach of contract, negligence, wantonness, and wrongful foreclosure; and any other relief that may seem just and proper.

/s/ N. Hurst
_____
NORMAN HURST (HUR016)
Attorney for the Plaintiff
P.O. Box 5251
Montgomery, Alabama 36103
334-398-2319

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number<br>CV 10-30 |
|---|---|---|

IN THE _____Circuit_____ COURT OF _____Lowndes_____ COUNTY

Plaintiff _____Roy Phifer_____ v. Defendant _____Bank of America, et al._____

NOTICE TO ____Bank of America, 200 Interstate Drive, Suite 204, Montgomery Alabama 36109____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____Norman Hurst_____ WHOSE ADDRESS IS _____P.O. Box 5251, Montgomery Alabama, 36103_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

**RECEIVED**
**JUL 30 2010**
**LOWNDES COUNTY**
**SHERIFF OFFICE**

Date __7/29/10__     _____Jones_____ Clerk/Register    By: __CJ__

☐ Certified Mail is hereby requested.     _____ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

_____ Date          _____ Server's Signature

_____ Type of Process Server          _____ Address of Server

_____ Phone Number of Server

The Corporation Company
Bank Of America
Lourz Paymts
3    Aug. 10

*[signature]*

| State of Alabama Unified Judicial System | SUMMONS -CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV 10-30 |

IN THE _____Circuit_____ COURT OF _____Lowndes_____ COUNTY

Plaintiff _____Roy Phifer_____ v. Defendant _____Bank of America, et al._____

NOTICE TO  OCWEN Financial Services, CT Corporation Systems, 2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____Norman Hurst_____ WHOSE ADDRESS IS _____P.O. Box 5251, Montgomery Alabama, 36103_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __7/29/10__            Ruby Jones            By: __CJ__
                               Clerk/Register

☐ Certified Mail is hereby requested.                    _____Plaintiff's/Attorney's Signature_____

RECEIVED
JUL 30 2010
LOWNDES COUNTY SHERIFF OFFICE

RETURN ON SERVICE:

☐ Return receipt of certified mail returned in this office on _____
                                                              (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____
                    (Date)

_____Date_____                    _____Server's Signature_____

_____Type of Process Server_____    _____Address of Server_____

                                       _____Phone Number of Server_____

... copy (ies) of the within on The Corporation Company

as Statutory Agent for: Ocwen Financial Service

by Laura Payne

3 day of Aug 10

Montgomery County, Alabama

By: [signature] D.S.

From:
RUBY JONES, CLERK
P.O. BOX 878
HAYNEVILLE, AL 36040
(334) 548-2252

RTS

8-20

To: Home Owners Loan Corporation
4501 Circle 75 Parkway
Suite D, 4300
Atlanta, GA 30339

ReadyPost.
Document Mailer



**93009258**
6" x 9" Envelope
$.39



01011

1PJE1011 • AIC-093
Product Code 93009258
www.usps.com
uct of the United States Postal Service
MADE IN THE U.S.A.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Homeowners Loan Corp.<br>4501 Circle 75, Pk. Suite D 1300<br>Atlanta, GA 30339<br><br>CV 10-30    S&C | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7008 0150 0002 1419 3265 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

UTF



design. For more information go to mbdc.com/usps
Cradle to Cradle Certified℠ is a certification mark of MBDC.



93009258
6" x 9" Envelope
$.39

1PJE1011 • AIC-093
Product Code 93009258
www.usps.com
uct of the United States Postal Service ®
MADE IN THE U.S.A.



01011

4 00930 09258 6

7008 0150 0002 1419 3265

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Homeowners COBH CORP.
4501 Circle 75, Pk. Suite D 900
Atlanta, GA 30339

CV 10-30    SdC

2. Article Number
   (Transfer from service label)       7008 0150 0002 1419 3265

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                         ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

UTF



| STATE OF ALABAMA<br>Unified Judicial System | Revised 3/5/08 | | Case |
|---|---|---|---|
| 45-LOWNDES | ☐ District Court | ☑ Circuit Court | CV2... |
| ROY PHIFER VS. BANK OF AMERICA, ET AL | | **CIVIL MOTION COVER SHEET**<br>Name of Filing Party: D002 - OCWEN FINANCIAL SERVICES | |

ELECTRONICALLY FILED
9/2/2010 10:06 AM
CV-2010-000030.00
CIRCUIT COURT OF
LOWNDES COUNTY, ALABAMA
RUBY JONES, CLERK

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented.<br>NATALIE RENEE BOLLING MS.<br>420 20TH STREET NORTH<br>BIRMINGHAM, AL 35203<br>Attorney Bar No.: BOL039 | ☐ Oral Arguments Requested |
|---|---|

### TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment pursuant to Rule 56 ($50.00)
☐ Motion to Intervene ($297.00)
☐ Other _____
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ _____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☑ Other  Removal
pursuant to Rule  Rule 7    (Subject to Filing Fee)

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>9/2/2010 10:05:38 AM | Signature of Attorney or Party:<br>/s NATALIE RENEE BOLLING MS. |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.