IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY PHIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-cv-741-WHA |
| | ) | (WO) |
| BANK OF AMERICA, OCWEN and | ) | |
| HOMEOWNERS LOAN CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on a Motion for Summary Judgment filed by Defendants,

Ocwen Loan Servicing, LLC ("Ocwen") and Bank of America, National Association as

Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered

Holders of GSAMP Trust 2005-HE-6, Mortgage Pass-Through Certificates Series 2005-HE6

("LaSalle"), on September 20, 2011 (Doc. # 26).

The Plaintiff, Roy Phifer ("Phifer"), filed a Complaint alleging claims for negligence,

wantonness, wrongful foreclosure, breach of contract, trespass, slander of title, and fraud and

suppression on July 29, 2010 (Doc. # 1-1).

The Defendants filed a Notice of Removal (Doc. #1) on September 2, 2010, stating that

this court has diversity jurisdiction over Phifer's Complaint.  On September 9, 2010, the

Defendants filed an Answer to Phifer's Complaint.   No Motion to Remand was filed, and the

court has diversity subject matter jurisdiction in this case.

The Defendants filed a Motion for Summary Judgment as to all claims asserted against them.

In response to the Motion for Summary Judgment, Phifer stated that he dropped his claims for trespass, breach of contract, and slander of title.  On December 15, 2011, the court dismissed those claims with prejudice.  (Doc. #33).  The claims remaining in this case, therefore, are for negligence, wantonness, wrongful foreclosure, and fraud and suppression.

The court held oral argument on the Motion for Summary Judgment on January 5, 2012.

For the reasons to be discussed, based on the briefs and oral argument, the Defendants' Motion for Summary Judgment is due to be  GRANTED in part and DENIED in part.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial.  *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

2

Fed. R. Civ. P. 56(c)(1)(A), (B).  Acceptable materials under Rule 56(c)(1)(A) include

"depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or

other materials."

 To avoid summary judgment, the nonmoving party "must do more than show that there is

some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the non-movant must be

believed and all justifiable inferences must be drawn in its favor.  *See Anderson v. Liberty Lobby*,

477 U.S. 242, 255 (1986).

 After the nonmoving party has responded to the motion for summary judgment, the court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III.  FACTS

 In support of their Motion for Summary Judgment, the Defendants offered a set of facts

which Phifer stated in his response to the Motion for Summary Judgment he did not dispute. *See*

Doc. #30 at p.1.  Within the summary judgment briefing, however, additional evidence has been

pointed to by Phifer.  Therefore, the  facts as accepted by Phifer, and as stated in the documentary

evidence, viewed in a light most favorable to the nonmovant, are as follows:

 On March 24, 2005, Phifer executed a promissory note in the amount of $57,000 through

Homeowners Loan Corporation, secured by a mortgage of real property located at 326 Old

Letohatchee Road, Hayneville, Alabama 36040.  Mortgage Electronic Registration Systems, Inc.

("MERS") was listed on the Mortgage solely as a nominee for Homeowner's Loan Corporation.

The note and the mortgage were subsequently assigned to Bank of America National Association as Successor by Merger to LaSalle, care of Ocwen.

When Ocwen began servicing Phifer's loan in late 2005, Phifer's monthly payments were $508.67.   Shortly after Ocwen began servicing the loan, Phifer became delinquent in his payments, and as of October 17, 2006, Phifer was past due on two of his payments.

A foreclosure process was begun on Phifer's property but was halted because Phifer entered into a forbearance plan.  Under this forbearance plan, Phifer's payments were to be $649.00 per month.  However, Phifer was unable to make payments on time and his account once again became delinquent.  Accordingly, foreclosure proceedings on Phifer's land again commenced.

In 2008, during the foreclosure process, Phifer and Ocwen began discussing modifying Phifer's loan such that the payments would be $505.28 per month after Phifer paid a down payment of $1,500.  This modification was never approved.   In August 2008, Ocwen proposed a second loan modification to Phifer which called for a monthly payment of $867.98 first due on October 1, 2008, and a down payment of $1538.01 due by August 27, 2008.  The modification was agreed to by Phifer.  (Doc. #27-1, Ex. E).[1]

Phifer paid part of the down payment on August 21, 2008 and the remainder on August 27, 2008.

---

[1] The modification agreement in evidence is not signed by Ocwen Loan Servicing, LLC. (Doc. #27-1, Ex. E).

Despite the modification, a foreclosure sale date had been set for August 28, 2008, and the sale took place.   The Defendants state that they rescinded the sale on August 29, 2008 because Phifer had paid the Defendants the required $1538.01 down payment.

The documentary evidence, however, is that the rescission was approved on Aug. 29, 2008 (Doc. #27-1, Ex. C p.53), not that it was accomplished.   In fact, a foreclosure deed was recorded on October 3, 2008.   (Pl. Ex. #1).  When asked at oral argument why the foreclosure deed was recorded, counsel for the Defendants stated merely that the deed was recorded because the foreclosure sale was held.

Phifer's first payment under the modification agreement, of $867.98, was due on October 1, 2008, but Phifer did not make this payment until October 16, 2008.  According to the documentary evidence, Phifer made an additional payment of $505.26 on December 29, 2008. (Doc. #27-1 at p.49).[2]

The documentary evidence also includes a March 18, 2009 letter to Phifer from a law firm representing Ocwen, which encloses an Agreement Setting Aside Foreclosure. (Pl. Ex. #8). That agreement is not signed by Phifer. *Id.*[3]

As of July 17, 2009, Phifer was delinquent in his payments.  Ocwen initiated foreclosure proceedings on the property and a foreclosure sale was set for September 3, 2009.  Documentary evidence provided by Phifer shows that a Foreclosure Report was prepared on the property on July 9, 2009 for Dumas & McPhail, LLC, which indicated that title in the property is vested in

---

[2] At oral argument, defense counsel characterized the October and December 2008 payments as rent payments by Phifer as a holdover tenant.

[3] The letter also refers to a similar agreement sent to Phifer in October 2008, but that agreement is not in the record, and it appears undisputed that Phifer did not sign that agreement.

LaSalle.  (Doc. #30-2).  Kent McPhail of Dumas & McPhail, LLC sent Phifer a letter on July 23,

2009, stating that he represents LaSalle, and enclosing the Mortgage Foreclosure Sale Notice.

(Doc. #27-1, Ex. F).   The foreclosure sale took place on September 3, 2009.


## IV.  DISCUSSION

The court turns first to the Defendants's grounds for summary judgment as to the

wrongful foreclosure claim, then to the negligence and wantonness claims, and finally the fraud

claims.

### A.  Wrongful Foreclosure

The Defendants initially argued in brief that Ocwen properly initiated foreclosure, and

conducted a foreclosure sale on September 3, 2009, because Phifer did not make the payments

required under his note and mortgage.

Phifer's response to the summary judgment brief was that the foreclosure sale on August

28, 2008 extinguished the debt, and that Ocwen's loan modification and acceptance of payments

from Phifer were under false pretenses to defeat his right of statutory redemption.  Phifer also

argues that the second foreclosure was merely an attempt to cover up the collection of payments

from him after the mortgage debt had been extinguished.

In view of the documentary evidence that a foreclosure deed was recorded, the

Defendants replied that because Phifer has conceded that the 2008 foreclosure was effective, they

are entitled to judgment because he continued to occupy the property and would owe payments as

a holdover tenant.

The Supreme Court of Alabama has explained that "Alabama has long recognized a cause of action for 'wrongful foreclosure' arising out of the exercise of a power-of-sale provision in a mortgage." *Jackson v. Wells Fargo Bank, N.A.*, No. 1100594, 2012 WL 517482 (Feb. 17, 2012). "A mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Reeves Cedarhurst Development Corp. v. First American Federal Savings and Loan Assoc.*, 607 So. 2d 180, 182 (Ala. 1992). In *In re Sharpe*, 391 B.R. 117, 152 (Bankr. N.D. Ala. 2008), the federal bankruptcy court proposed the following as factors to consider as elements of a wrongful foreclosure claim under Alabama law:  whether  (1) the actions of the mortgagee were either outside the boundaries of the foreclosure or taken for some purpose other than to secure the debt owed by the mortgagor; (2) the actions of the mortgagee were for some ulterior motive; (3) the power of sale was perverted or used for the mortgagee's or someone else's purpose; or (4) the mortgagee had an ill motive.  391 B.R. at 152-153.  The court noted that it did not suggest that all or some combination of those elements had to be satisfied, but merely concluded that these are guidelines based on actions that Alabama courts have considered wrongful foreclosure.  *Id.* at n.40.  "Under Alabama law, if an action by a mortgagee was for the purpose of securing the debt owed by the mortgagor, while it may be wrong for other reasons, it cannot, unless some other malady exists, be wrongful foreclosure." *Id.*  To this persuasive analysis, this court would add only that an additional improper purpose identified by the Supreme Court of Alabama as supporting a claim for wrongful foreclosure is "to oppress the debtor." *Paint Rock Properties v. Shewmate*, 393 So. 2d 982, 984 (Ala. 1981).

In applying the applicable factors in the context of the instant wrongful foreclosure claim, this court is guided by the analysis in Alabama decisions which have indicated that a claim for wrongful foreclosure can be proven with evidence of an improper motive, or with evidence that there was no debt to secure.   For instance, in *Johnson v. Shirley*, 539 So. 2d 165, 169 (Ala. 1988), the Supreme Court of Alabama held that summary judgment in favor of a bank on a claim of wrongful foreclosure was incorrect where the facts concerning the purpose of the foreclosure were in dispute.   In that case, the court found that there was evidence, through knowledge of a bank official of the terms of a divorce judgment and personal relationship with one of the homeowners, that the purpose of the foreclosure sale was to interfere with a divorce judgment. *Id.*   The Supreme Court of Alabama has also found that summary judgment was due to be denied because a mortgage had actually been paid off before the foreclosure sale.   *See Cooper v. Elba Exchange Bank*, 496 So. 2d 41, 42 (Ala. 1986).   In that case, the lower court had dismissed the claim for wrongful foreclosure, but the Supreme Court of Alabama noted that evidence, in the form of an affidavit, deposition testimony, and a Small Business Administration letter, that the mortgage debt had been paid was sufficient evidence under the Alabama rules to preclude summary judgment in favor of the defendant on the issue of wrongful foreclosure.   *Id.*

In this case, the documentary evidence establishes that the first foreclosure sale was conducted in August 2008, and a foreclosure deed was recorded in favor of the Defendants in October 2008.   The July 2009 title search prepared for LaSalle's attorney revealed that title was with LaSalle before the second foreclosure sale was held.   There is also evidence that Ocwen, the servicing agent for LaSalle, attempted in March of 2009 to have Phifer agree to setting aside the foreclosure and reinstating the mortgage, but was not successful in doing so.   The second

8

foreclosure sale was held in September 2009, even though Bank of America as Successor by Merger to LaSalle already held legal title to the property.  Although the Defendants have now refined their argument in support of summary judgment to say that, after the first foreclosure sale, Phifer continued to owe rent payments as a holdover tenant and failed to make those payments, that argument does not establish that the second foreclosure sale was conducted to secure a mortgage debt, because there is no evidence that there was a mortgage debt at that time.  The court concludes, therefore, that summary judgment is due to be DENIED as to the wrongful foreclosure claim. *See Cooper*, 496 So. 2d at 42.[4]

### B.  Negligence and Wantonness

As to Phifer's negligence and wantonness claims, the Defendants contend that Phifer cannot state a claim for negligence or wantonness because the claims are based on the Defendants having ejected Phifer from the property, but if the property was properly foreclosed upon in 2008, they could not have been negligent or wanton in ejecting him from the property.

Phifer has argued that in undertaking their contractual activities in the foreclosure and ejectment of Phifer, the Defendants were bound to exercise the measure of skill and care appropriate for their work.   As to the wantonness claim, Phifer has argued that Ocwen caused documents to be prepared for the purpose of facilitating the second foreclosure, and the requisite

---

[4]  The facts at this point in the proceedings, that Phifer had no legal right to be in possession of the property, but the Defendants had no mortgage debt upon which to foreclose in September 2009, potentially raise an issue as to just what relief Phifer would be entitled to if he were to prevail on a wrongful foreclosure claim in this case.  That issue is one which may be raised in the context of a motion in limine as to the evidence of damages which may be presented at trial.

knowledge can be inferred.  The negligence and wantonness claims, therefore, appear to be based on the same acts as the alleged wrongful foreclosure in this case.[5]

Alabama law appears to recognize both a negligent and wanton foreclosure claim.  *See Jackson v. Wells Fargo Bank*, No. 1100594, 2012 WL 517483 at *4 (Ala. Feb. 17, 2012) (where, although granting summary judgment for the mortgagee on the facts before it, the court stated that there was no basis to reverse summary judgment on the "claim of negligent or wanton foreclosure").  Therefore, the negligence and wantonness claims are subsumed in the wrongful foreclosure claim,[6] and summary judgment is due to be GRANTED only to the extent that Phifer has asserted a separate negligence or wantonness theory for his wrongful foreclosure claim.

## C.  Fraud

In the Complaint, Phifer brought a fraud and suppression claim based on promises and assurances pled as follows:  the terms of the reinstatement agreement would not be honored, that the Defendants would still foreclose on the home despite assurances that they would not foreclose, that the Defendants would not cure any default, and that the Defendants were not acting in the Plaintiff's best interest.  Complaint at ¶ 53.

---

[5] Other facts are alleged in the Complaint such as a failure to correct internal software and improper placement of charges on Phifer's mortgage account.  Complaint at ¶ 26, 31.  Phifer does not assert these theories in response to summary judgment, however.  *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.,* 10 F.3d 1563, 1568 (11th Cir.1994) (citing *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir.1986) for the proposition that a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned).  He also does not present any evidence to support such theories, and cannot rely merely on his pleading.  See *Fed. R. Civ. P.* 56(c).

[6] The issue of sufficiency of evidence as to either theory of wrongful foreclosure can be raised again at the close of Phifer's evidence at trial.

The Defendants contend that oral agreements to modify the terms of loans are barred by the Statute of Frauds, so Phifer's promissory fraud claim is similarly barred. *See Ala. Code* § 8-9-2 (8); *Southland Bank v. A & A Drywall Supply Co., Inc.,* 21 So. 3d 1196, 1211 (Ala. 2008) (fraud based on a promise to do lend money in the future is promissory fraud).

Phifer does not dispute the characterization of his claims as promissory fraud.  He instead contends that the Statute of Frauds does not bar a claim where a contract, which is void because it is not in writing, was made for the purpose of perpetuating fraud, citing *Hinkle v. Cargill*, Inc., 613 So. 2d 1220 (Ala. 1992) and *Caron v. Teagle*, 408 So. 2d 494, 496 (Ala. 1981).  *Hinkle* and *Caron*, however, have been specifically overruled on that point.  *See Bruce v. Cole*, 854 So. 2d 47, 58 (Ala. 2003).  In *Bruce*, the court held that "an oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud."  *Id.* at 58.

Phifer appears to have attempted to identify an additional basis for a fraud claim in his brief in opposition to summary judgment by arguing that he detrimentally relied on the statements and loan modification in failing to exercise his statutory redemption rights.   That allegation does not form the basis of any claim brought in the Complaint, however.   "A plaintiff may not amend [the] complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).   Phifer also has not cited to any evidence to support such a claim.  Summary judgment is, therefore, due to be GRANTED as to the fraud and suppression claims.

## V. CONCLUSION

The documentary evidence indicates that the Plaintiff homeowner failed to fulfill his obligations under his mortgage, and continued to have possession of the property even though he

was not making any type of payments after the August 2008 foreclosure.   The Defendants,

however, foreclosed on the property twice, once in August 2008 and once in September 2009,

without any intervening effective reinstatement of the mortgage.   Alabama law provides a claim

for wrongful foreclosure when a foreclosure is conducted for a purpose other than to secure a

mortgage debt.   Accordingly, viewing the facts, including the documentary evidence, in light

most favorable to the non-movant, there is sufficient evidence for the Plaintiff to proceed to trial

on a wrongful foreclosure claim.   Therefore, it is hereby

     ORDERED as follows:

     1.  The Motion for Summary Judgment (Doc. #26) is GRANTED and judgment entered

in favor of the Defendants as to the Plaintiff's separate negligence and wantonness claims and as

to the fraud and suppression claims.

     2.  The Motion for Summary Judgment (Doc. #26) is DENIED as to the wrongful

foreclosure claim.

     Done this 4th day of May, 2012.


       /s/ W. Harold Albritton          
      W. HAROLD ALBRITTON
      SENIOR UNITED STATES DISTRICT JUDGE